No. 2583

Second Circuit

———

GUILLOTTE v. LEE LUMBER COMPANY

———

(June 2, 1926, Opinion and Decree)
(June 30, 1926, Rehearing Refused)

———

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**

The judgment of the trial court on matters of fact will not be disturbed unless clearly erroneous.

> Jahncke Service Inc., vs. Hewson, 1 La. App. 22.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides, Hon. R. C. Culpepper, Judge.

Action by Adolph D. Guillotte against Lee Lumber Company. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Overton and Hunter, of Alexandria, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J.   This is a suit to recover compensation under clauses (b) and (e) of subsection 1 of section 8 of the Workmen's Compensation Law of Louisiana for the breaking and dislocating of several of his ribs and the injuring of his ears, hearing, brain, nerves, lungs, heart and other parts of his body, producing permanent injury, and for the serious permanent impairment of the usefulness of a member or physical function.

Defendant denied liability on the ground that it had paid plaintiff full compensation during the period of his disability and that he had completely recovered from all injuries received by him and was now able to do work of any reasonable character.

On these issues the case was tried and there was judgment in favor of the defendant and the plaintiff appealed.

Under plaintiff's complaint, the first question presented is, whether or not he is so injured as to prevent him from doing work of a reasonable character.

Under order of the district judge, Hon. Leven L. Hooe, doctors Simmons, Stafford and Rand were directed to make a physical examination of plaintiff and report to the court—

"(1) Whether or not Adolph D. Guillotte, plaintiff and injured employee, has any rib or ribs on the right side of his body dislocated permanently;

"(2) Whether or not the said Guillotte's ears, hearing, brain, nerves, lungs, heart, or any other parts of his said body are permanently injured and impaired;

"(3) Whether or not the injuries to the said Guillotte prevent him from doing work of any reasonable character, and whether or not he will ever be able to do work of any reasonable character."

Doctors Simmons and Rand examined plaintiff and reported to the court as follows:

"In compliance with your order under date of September 28, 1925, the undersigned

have examined Adolph D. Guillotte, who claims to have suffered certain injuries at the plant of the Lee Lumber Company, Limited, on the 25th of November, 1924.

"Physical examination and x-ray show old healed fractures of two ribs on the right side near the axillary line. These ribs have healed with good union and very little deformity. The general condition of the said Guillotte is good, age and other factors considered.

"Answering the specific questions of the court, we are of the opinion after our examinations:

"(1) That the fractured ribs have formed good union with little deformity and that there is no permanent dislocation of same.

"(2) That the said Guillotte's brain, nerves, lungs and heart are in no way permanently impaired and that the slight impairment in hearing is due to age and in no way associated with the injury.

"(3) That the said injuries in no way prevent him from doing work of a reasonable character.

"(4) That this injury does not affect his brain, nerves, lungs and heart, and that with the exception of the slight impairment to his hearing above mentioned, his brain, nerves, lungs and heart are in good condition and functioning normally and that we consider that he is able to work now as before his injury."

Doctors M. L. Adair and E. L. Sanderson also made an examination of plaintiff, and basing their opinion, to some extent, on the history of his condition as detailed to them by him long after he had sufficiently recovered from his injuries to be able to resume his work and a short time before the filing of this suit, testified to conditions existing in plaintiff somewhat different from those shown by the official report of Doctors Simmons and Rand.

The physical condition of plaintiff is shown by the fact that from April 21, 1925, up to the time of the trial of this suit, July 31, 1925, he was able to do the same kind of work and harder work than he did before the accident, corroborates, we think, the findings of Doctors Simmons and Rand as shown in their report made under order of court.

The district judge who tried the case and heard all the oral testimony given on the trial, decided that plaintiff had failed to make out his claim that he was unable to do work of any reasonable character. We think the finding on this point is correct.

Plaintiff contends that he is entitled to recover for the permanent impairment of a physical function on account of his defective hearing, and insists that his hearing was impaired by the accident.

On his return to work after the accident he made no complaint to his fellow workmen of his hearing, and his co-laborers testified that he could hear as well after the accident as before.

The testimony of the medical experts appointed by the court to examine plaintiff is as follows on this point:

"* * * that the slight impairment of hearing is due to age and in no way associated with the injury."

The plaintiff introduced no evidence contradicting this opinion except his own testimony, and the district judge evidently was not impressed by it. Plaintiff did not fail to hear a single question asked him during the first part of his examination, but after he was asked:

"How about your hearing now?"

he frequently failed to hear the questions asked him.

There may have been a perfectly good reason for his not hearing the questions

asked him after the matter of the condition of his hearing was begun to be inquired into; but the district judge was in a better position to judge as to this than is this court, and the district judge found in favor of the defendant on this point also. We are not prepared to say that he manifestly erred.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.